# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| WILLIAM LOUIS ARMSTRONG, III<br><br>       Plaintiff,<br><br>UNITED STATES,<br><br>       Involuntary Plaintiff,<br><br>v.<br><br>ALTER TRADING CORPORATION, SEVEN STARS AUTO PARTS LLC, MILLER COMPRESSING COMPANY, JON SPIGEL, MICHAEL GOLDSTEIN, ROBERT GOLDSTEIN, GOLDSTEIN GROUP, INC., ROBERT G. ELLIS, QUARLES & BRADY, LLC, ALTER LOGISTICS & TRANSLOADING COMPANY, MCC HOLDING INC., JOHN BUSBY, ALL SEASONS TRUCKING 2 LLC, TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, TOYOTA MOTOR SALES, USA, TOYOTA FINANCIAL SERVICES, TOYOTA TSUSHO CORPORATION, TOYOTA TSUSHO AMERICA INC., ALTECH RECYCLING LLC, JEFFREY GOLDSTEIN, KATHY GOLDSTEIN, RICHARD GOLDSTEIN, JOSH MILLAN, MARC GOLDSTEIN, NATHAN MILLAN, SAMANTHA GOLDSTEIN, LAUREN GOLDSTEIN, JEREMY GOLDSTEIN, ALEX GOLDSTEIN, JESSE GOLDSTEIN, RENEE GOLDSTEIN, DAVID KLEIN, JOSEPH POEHLMANN, UNITED STATES, CHANEL, BODY CORPORATE WISCONSIN LLC, TOYOTA MOTOR CREDIT CORPORATION, BRYAN DOWNER, ANTHONY R. GARDINER, JR., ALTER METAL RECYCLING, and GREEN BRIDGE COMPANY,<br><br>       Defendants. | Case No. 25-CV-1702<br><br><br>**ORDER** |

In November 2025, Plaintiff William Louis Armstrong, III ("Plaintiff" or "Armstrong") initiated a suit against Alter Trading Corporation, Seven Stars Auto Parts LLC, Miller Compressing Company, Jon Spigel, Michael Goldstein, Robert Goldstein, Goldstein Group Inc., Robert G. Ellis, Quarles & Brady, LLC, Alter Logistics & Transloading Company, MCC Holding Inc., John Busby, All Seasons Trucking 2 LLC, Toyota Motor Corporation, Toyota Motor North America, Toyota Motor Sales, USA, Toyota Financial Services, Toyota Tsusho Corporation, Toyota Tsusho America Inc., Altech Recycling LLC, Jeffrey Goldstein, Kathy Goldstein, Richard Goldstein, Josh Millan, Marc Goldstein, Nathan Millan, Samantha Goldstein, Lauren Goldstein, Jeremy Goldstein, Alex Goldstein, Jesse Goldstein, Renee Goldstein, David Klein, Joseph Poehlmann, United States, Chanel, Body Corporate Wisconsin LLC, Toyota Motor Credit Corporation, Bryan Downer, Anthony R. Gardiner, Jr., Alter Metal Recycling, and Green Bridge Company (collectively, "Defendants") for violations of both state and federal law. ECF No. 6 (first amended complaint).

In early December 2025, the Court screened his complaint, advising Plaintiff to amend his complaint so that it adhered to Federal Rule of Civil Procedure 8 and the Court's pleading instructions. ECF No. 7 at 9–10. Specifically, the Court ordered Plaintiff to file, by December 22, 2025, an amended complaint not to exceed fifteen (15) pages or include more than ten (10) defendants. *Id*. at 9. On December 1, 2025, Plaintiff brought a motion to reconsider the ruling. ECF No. 8. On December 22, 2025, Plaintiff brought a second motion to reconsider, attaching as an exhibit his second[1] amended complaint (the "amended complaint" or "AC"). ECF Nos. 9 and 9-1. This

---

[1]Armstrong had previously amended his complaint, ECF No. 6, prior to the Court's screening of the original complaint, ECF No. 1.

Order addresses those motions and will allow Plaintiff one more chance to amend; Plaintiff is admonished that continued failure to abide by the procedural rules governing civil cases, and the Court's orders, may result in dismissal of this case. The Court will again defer ruling on Plaintiff's pending motion for leave to proceed without prepayment of the filing fee, ECF No. 4, as the screening process continues.

## 2.    SCREENING STANDARDS

A party proceeding pro se may submit to the court a request for leave to proceed without prepaying the otherwise required filing fees, otherwise known as a motion for leave to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits."[2] *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or

---

[2]Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds*, Fed. R. App. P. 24, *as explained in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

Because the Court concludes, *infra* Section 4, that Plaintiff's amended complaint violates Federal Rule of Civil Procedure 8(a) and the Court's recent order, ECF No. 7, the Court will defer ruling on the merits of his motion for leave to proceed in forma pauperis.

3.    **RELEVANT ALLEGATIONS**

Plaintiff makes a series of disparate allegations, appearing to allege claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Wisconsin's corollary law against over forty defendants. ECF No. 9-1 at 5–19. Primarily, Plaintiff sues for violations of 18 U.S.C. §§ 1962(a), (b), (c), and (d) and Wisconsin Statutes §§ 946.83(1), (2), and (3). *Id*. at 5. Plaintiff also cites various criminal provisions under both state and federal law but provides no legal basis for a private right of action for any

of them. *Id.* at 7 (citing 18 U.S.C. §§ 659, 1341, 1343, 1951, 1952, 1956, 1960, and 2321 and WIS. STAT. §§ 180.0129, 943.20, 943.30, 943.39, 943.60, 946.32, and 961). Rather, he suggests that some of these provisions constitute the predicate acts for the state and federal RICO violations; in fact, Armstrong attaches a table at the very end of the AC entitled "Predicate Acts Chart (Mail and Wire Fraud)" that purports to list out certain wrongful acts or statements made by, seemingly, certain actors of Toyota and its affiliates. ECF No. 9-1 at 19.

## 4. SCREENING THE COMPLAINT

### 4.1 Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, FED. R. CIV. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke,* 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where there is an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**4.2    Analysis**

The Court is faced with a litigant who has disregarded the Federal Rules of Civil Procedure and the Court's pleading instructions. Plaintiff was advised to not exceed fifteen pages or include more than ten defendants. ECF No. 7. Rather than heed those instructions, Plaintiff decided to use those numbers as starting points, rather than ending points. ECF No. 9 at 8 ("The proposed amend[ed] [complaint] doesn't drop defendants, it adds a few, and it includes 4 caption pages and 15 pleading pages. I'm filing these

at the beginning of the day, and I'll decide what I'll ultimately do by night's end."). In fact, Plaintiff's allegations now span more than fifteen pages and name more than forty defendants.[3] *See generally* ECF No. 9-1. While pro se pleadings are to be construed liberally, such filings must still comply with rules that govern civil cases, and court orders. *See Whitfield v. Synder*, 263 F. App'x 518, 521 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) and *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002)).

Typically, in a case like this, the Court would strike the excess, namely pages sixteen through nineteen. *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. 154, 161 (S.D. Ind. 2009) (citing *Aspera v. Copperweld Corp.*, Case No. 04 C 4358, 2006 WL 488686, at *2 (N.D. Ill. Feb. 24, 2006)). However, in this case, the amended complaint fails to state a claim altogether. As a starting point, a review of the amended complaint reveals that Armstrong's factual allegations are so lacking in detail that it is impossible for them to support any of the alleged wrongful conduct, be it the RICO charges or the underlying predicate acts. The convoluted, unintelligible chart at the end of his complaint that implicates individuals not yet named in this action brings this point home. ECF No. 9-1 at 19. To the extent there are factual allegations that bolster his claims, Armstrong presents them in an impermissible manner, as described below.

Armstrong engages in what other courts in this district have called a "puzzle pleading," at least in the context of securities litigation. *Cf. U.S. Sec. & Exch. Comm'n v. Winemaster*, 529 F. Supp. 3d 880, 906 (N.D. Ill. 2021)

---

[3]To the extent he sues "Chanel," he does not provide her last name or other information, thereby failing to afford that individual proper notice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

(citing *Alizadeh v. Tellabs, Inc.*, Case No. 13 C 537, 2014 WL 2726676, at *5 (N.D. Ill. June 16, 2014)). It is so named because it requires "the Court and the defendant[s] to piece together exactly which statements [the plaintiff is challenging] and what allegations contradict those statements." *Id*. (citing same). This kind of a pleading "improperly places the burden on the Court to sort out the alleged misrepresentations," or conduct, "and then match them with the corresponding adverse facts." *Id*. (quoting *Conlee v. WMS Indus., Inc.*, Case No. 11 C 3503, 2012 WL 3042498, at *4 (N.D. Ill. July 25, 2012). "The net effect of a puzzle pleading may be to 'leave the reader—whether Defendants or the [C]ourt—jumping from page to page in an attempt to link the alleged statements," or conduct, "to the background that supposedly makes them [unlawful].'" *Id*. at 906–07 (quoting same).

As a result, the Court is unable to review the sufficiency of each count due to the formatting of the amended complaint. *Id*. (citing *U.S. Sec. & Exch. Comm'n v. Ustian*, 229 F. Supp. 3d 739, 778 (N.D. Ill. 2017). Specifically, the Court is unable to identify the role of each Defendant in the RICO enterprise or the underlying predicate act, their action or inactions that amounted to misconduct, and why their actions were wrongful. For instance, midway through the AC, Armstrong alleged that the "commission of the above[-]described act was also the object of a conspiracy between the involved parties, chargeable separately and distinguishable as its own predicate act for Wisconsin RICO." ECF No. 9-1 at 9. However, by this point in the pleading, Armstrong had alleged multiple possible wrongful acts, such as the production of "conspiracy to commit penalty for false documents" and "false swearing," which may constitute the "the above-described act" to which he referred. *See id.* at 8–9. In addition, there is no way to know to whom Armstrong referred when he cited to the "involved parties." *See id*. While incorporating by reference previous factual

allegations is not by itself against the rules, the trouble here remains that Defendants lack notice and the Court lacks information to assess the validity and bases of Armstrong's claims. *Winemaster*, 529 F. Supp. 3d at 907 (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1324–25 (11th Cir. 2015) and *Koh v. Graf*, No. 11-cv-02605, 2013 WL 5348326, at *5 (N.D. Ill. Sept. 24, 2013)).

Indeed, puzzle piece allegations like these plague Armstrong's second amended complaint and make it unduly burdensome on the Court to assess the sufficiency of the allegations here. Ultimately, "while the Court liberally construes the pleadings of pro se litigants," the Court "'will not invent legal arguments for litigants and is not obligated to accept as true legal conclusions or unsupported conclusions of fact.'" *Wilburn v. Kroll Substance Abuse Training*, Case No. 10-CV-174, 2010 WL 2178963, at *2 (S.D. Ind. May 27, 2010) (citing *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006)). To allow this case to proceed in its current form would require the Court to do just that. Plaintiff knows this since he has faced, on several occasions, the screening process of this very Court. ECF No. 7; *Armstrong v. City of Milwaukee, et al.*, 24-CV-1389-JPS, ECF Nos. 13 and 16 (E.D. Wis. 2024). Plaintiff will be afforded a final opportunity to amend to correct these defects before it will dismiss the case. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) (noting that there is a "presumption in favor of giving plaintiffs at least one opportunity to amend" (citing *Luevano v. Wal-Mart Stores, Inc.*, 772 F.3d 1014, 1024 (7th Cir. 2013))).

### 4.3    Motions to Reconsider

Because Plaintiff has amended his complaint, Plaintiff's motions to reconsider, ECF Nos. 8 and 9, are denied as moot because both motions asked for relief from the Court's ruling on the original complaint.

### 5. CONCLUSION

For the reasons discussed herein, the Court defers ruling on Plaintiff's motion for leave to proceed without prepaying the file fee, ECF No. 4, but denies as moot his motions to reconsider, ECF No. 8 and 9. Should Plaintiff wish to amend, the Court will allow him to do so once more, but Plaintiff's third amended complaint may not exceed fifteen (15) pages nor include more than ten (10) defendants. Plaintiff should also refrain from the puzzle piece pleading, as described above.

To that end, should Plaintiff wish to attempt to amend his pleadings, he shall do so on or before **May 18, 2026**. Any third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint." Any third amended complaint must be complete in and of itself without reference to the original or amended complaints. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In the case of amendment, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)).

If Plaintiff files a third amended complaint, it will become the operative complaint in this matter, and the Court will screen it in accordance with 28 U.S.C. § 1915. If Plaintiff fails to timely file a third amended complaint, or files one that fails to comply with Rule 8 or the conditions imposed by this Order, this action will be dismissed without further notice.

Accordingly,

**IT IS ORDERED** that Plaintiff William Louis Armstrong's motions for reconsideration, ECF Nos. 8 and 9, be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff William Louis Armstrong may file a third amended complaint, if at all, on or before **May 18, 2026**; failure to timely file a third amended complaint, or the filing of one that fails to comply with Rule 8 or the conditions imposed by this Order, will result in this case being dismissed without further notice.

Dated at Milwaukee, Wisconsin, this 11th day of May, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge