# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM LOUIS ARMSTRONG,

        Plaintiff,

UNITED STATES,

        Involuntary Plaintiff,

v.

ALTER TRADING CORPORATION, SEVEN STARS AUTO PARTS LLC, MILLER COMPRESSING COMPANY, JON SPIGEL, MICHAEL GOLDSTEIN, ROBERT GOLDSTEIN, GOLDSTEIN GROUP, INC., ROBERT G. ELLIS, QUARLES & BRADY, LLC, ALTER LOGISTICS & TRANSLOADING COMPANY, MCC HOLDING INC., JOHN BUSBY, ALL SEASONS TRUCKING 2 LLC, TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, TOYOTA MOTOR SALES, USA, TOYOTA FINANCIAL SERVICES, TOYOTA TSUSHO CORPORATION, TOYOTA TSUSHO AMERICA INC., ALTECH RECYCLING LLC, JEFFREY GOLDSTEIN, KATHY GOLDSTEIN, RICHARD GOLDSTEIN, JOSH MILLAN, MARC GOLDSTEIN, NATHAN MILLAN, SAMANTHA GOLDSTEIN, LAUREN GOLDSTEIN, JEREMY GOLDSTEIN, ALEX GOLDSTEIN, JESSE GOLDSTEIN, RENEE GOLDSTEIN, DAVID KLEIN, JOSEPH POEHLMANN, UNITED STATES, CHANEL, BODY CORPORATE WISCONSIN LLC, TOYOTA MOTOR CREDIT CORPORATION, BRYAN DOWNER, ANTHONY R. GARDINER, JR., ALTER METAL RECYCLING, and GREEN BRIDGE COMPANY,

        Defendants.

Case No. 25-CV-1702

# ORDER

In November 2025, Plaintiff William Louis Armstrong ("Plaintiff" or "Armstrong") initiated a suit against Alter Trading Corporation, Seven Stars Auto Parts LLC, Miller Compressing Company, Jon Spigel, Michael Goldstein, Robert Goldstein, Goldstein Group Inc., Robert G. Ellis, Quarles & Brady, LLC, Alter Logistics & Transloading Company, MCC Holding Inc., John Busby, All Seasons Trucking 2 LLC, Toyota Motor Corporation, Toyota Motor North America, Toyota Motor Sales, USA, Toyota Financial Services, Toyota Tsusho Corporation, Toyota Tsusho America Inc., Altech Recycling LLC, Jeffrey Goldstein, Kathy Goldstein, Richard Goldstein, Josh Millan, Marc Goldstein, Nathan Millan, Samantha Goldstein, Lauren Goldstein, Jeremy Goldstein, Alex Goldstein, Jesse Goldstein, Renee Goldstein, David Klein, Joseph Poehlmann, United States, Chanel, Body Corporate Wisconsin LLC, Toyota Motor Credit Corporation, Bryan Downer, Anthony R. Gardiner, Jr., Alter Metal Recycling, and Green Bridge Company (collectively, "Defendants") for violations of both state and federal law. ECF No. 6 (first amended complaint). At that same time, he also brought a motion to proceed without prepayment of the filing fee. ECF No. 4.

In early December 2025, the Court screened his complaint, advising Plaintiff to amend his complaint so that it comported with Federal Rule of Civil Procedure 8 and the Court's pleading instructions. ECF No. 7 at 9–10. Specifically, the Court ordered Plaintiff to file, by December 22, 2025, an amended complaint not to exceed fifteen (15) pages or include more than ten (10) defendants. *Id*. at 9. On December 22, 2025, Plaintiff filed a proposed second amended complaint. ECF No. 9-1. On May 11, 2026, the Court screened that complaint but declined to accept it, noting that it amounted to what other courts have called a "puzzle pleading." ECF No. 10 at 10 (citing *U.S. Sec. & Exch. Comm'n v. Winemaster*, 529 F. Supp. 3d 880, 897

(N.D. Ill. 2021)). At that time, the Court gave Plaintiff one more week to file a complaint that complied with Rule 8 and the Court's instructions. *Id*. at 10.

On May 18, 2026, Plaintiff filed, along with his proposed third amended complaint, ECF No. 11-1, several motions contained within one filing: seeking an extension of time to file an amended complaint, to correct his second amended complaint, to appoint counsel, and to reconsider the prior screening orders. ECF No. 11. For the reasons set forth below, the Court will dismiss this case with prejudice. *See infra* Section 4.1. As a result, Plaintiff's motions to proceed without prepayment of the filing fee, ECF No. 4, and seeking an extension of time to file an amended complaint, to correct his second amended complaint, to appoint counsel, and to reconsider the prior screening orders, ECF No. 11, will be denied as moot. Finally, due to Plaintiff's conduct, the Court will impose sanctions, as described herein. *See infra* Section 4.2.

## 3. RELEVANT ALLEGATIONS

Plaintiff repeats a series of disparate allegations, appearing to allege claims against over forty defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Wisconsin's corollary law for alleged misconduct that dates back to at least 2012. ECF No. 11-1 at 5–14. As in his second amended complaint, ECF No. 9-1 at 5, Plaintiff primarily sues for violations of 18 U.S.C. §§ 1962(a), (b), (c), and (d) and Wisconsin Statutes §§ 946.83(1), (2), and (3). ECF No. 11-1 at 3. Plaintiff also repeats various criminal provisions under both state and federal law but, again, provides no legal basis for a private civil right of action for any of them. *Id*. at 5–14 (citing 18 U.S.C. §§ 1341, 1343, 1951, 1952, 1956, 1960, and 2321 and WIS. STAT. §§ 180.0129, 943.02, 943.20, 943.30, 943.39, 943.60, 946.32, and 961); ECF No. 9-1 at 5–18. At the very end of the third amended complaint,

Plaintiff re-attaches a table entitled "Predicate Acts Chart (Mail and Wire Fraud)" that purports to list out certain wrongful acts or statements made by, seemingly, certain actors of Toyota and its affiliates. *Compare* ECF No. 9-1 at 19 *with* ECF No. 11-1 at 15.

### 4. ANALYSIS

#### 4.1 Dismissal

The Court will dismiss Armstrong's case because he failed to adhere to the Federal Rule of Civil Procedure 8 and the Court's prior instructions, ECF Nos. 7 and 10, and because the allegations in his third amended complaint are downright frivolous.

To begin, his third amended complaint once *again* names more than forty (40) Defendants, ECF No. 11-1, in direct contradiction to the Court's prior orders. ECF No. 7 at 9 (limiting him to no more than fifteen (15) Defendants); ECF No. 10 at 10 (same). Plaintiff's assertion that his third amended complaint complies with the Court's page limitations, ECF No. 11 at 3, ignores the Court's remaining instructions: to limit the number of Defendants. While the Court can appreciate Plaintiff's attempt to "rearrange the [D]efendants so that a tentative preferred ten are the first ten when the list is read as left half first and right half second," the Court still has problems discerning the who, what, when, where, how, and why which Defendants did what or what they allegedly did. *Id*.

For instance, in reviewing his third amended complaint, Plaintiff alleges that the facilities belonging to "Alter Transloading & Logistics" were used for "drug smuggling" and that "Alter Trading Corporation, Alter Transloading & Logistics, Miller Compressing Company, and Seven Stars Auto Parts LLC were principals." ECF No. 11-1 at 8–9. However, Plaintiff never provides any facts explaining what these companies did to support this assertion. In another instance, he suggests that the "Goldstein

companies" engaged in a "pattern of felony fraud arson," and while he identifies certain individuals with the last name Goldstein, he never identifies the Goldstein companies to which he refers. *Id.* at 12.

The Court, therefore, finds that Plaintiff has failed to address the Rule 8 pleading deficiencies about which this Court has repeatedly warned Plaintiff. ECF No. 7 at 7–9 (giving him a chance to correct his impermissible "kitchen sink" pleading approach (quoting *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011)); ECF No. 10 at 7–9 (giving him a chance to correct his "puzzle pleading" (quoting *Winemaster*, 529 F. Supp. 3d at 897 (N.D. Ill. 2021)).

In addition, the Court finds that Plaintiff's allegations are at best wholly "delusional" and that the case warrants dismissal on this basis as well. *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013). To start, Plaintiff discuses a racketeering enterprise involving the Goldstein family that dates back almost fifteen years. ECF No. 11-1 at 5, 10, and 11 (discussing alleged co-conspirators Michael and Robert Goldstein's role in the "2012 [m]oney laundering"). He suggests that the Goldstein companies are "criminal treasuries" for the "Jewish Mafia." *Id.* at 11. He further suggests that he does not "know who was killed" or "where the bodies are buried" but that they are "made men" and that "[t]hey're more likely than not 'made' to even be in their positions, like Pablo Escobar's babysitters." *Id.* Considered together, these allegations mirror those in *Holland*, where the Seventh Circuit upheld the dismissal of a complaint that alleged that defendants had plotted, for over twenty years, a "wide-ranging conspiracy" against the plaintiff. 503 F. App'x at 477.

While pro se pleadings are to be construed liberally, such filings must still comply with rules that govern civil cases, and court orders. *See Whitfield v. Synder*, 263 F. App'x 518, 521 (7th Cir. 2008) (citing *McNeil v.*

*United States*, 508 U.S. 106, 113 (1993) and *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002)). The Court "will not invent legal arguments for litigants," even if pro se, "and is not obliged to accept as true legal conclusions or unsupported conclusions of fact.'" *Wilburn v. Kroll Substance Abuse Training*, No. 10-CV-174, 2010 WL 2178963, at \*2 (S.D. Ind. May 27, 2010) (quoting *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006)). The Court will certainly not do that here, where Plaintiff has had multiple chances to correct his pleadings and is well-aware of this Court's screening process. ECF Nos. 7 and 10; City of Milwaukee Case, ECF Nos. 13 and 16.

Because "the Court has already screened" his "original complaint" (and his subsequent one) and "provided guidance to assist with his claims," the Court "finds that further amendment would be futile" and will dismiss this case. *Johnson v. Fisher*, No. 24-CV-454-JPS, 2024 WL 3965075, at \*3 (E.D. Wis. Aug. 28, 2024) (citing *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015)). The dismissal will operate with prejudice. *Cable v. Kuraray Am., Inc.*, No. 24-1233, 2024 WL 4499766, at \*2 (7th Cir. Oct. 16, 2024) (affirming dismissal of case for "noncompliance with the federal rules" and "failure to obey reasonable orders" (citing *Dorsey v. Varga*, 55 F.4th 1094, 1104 (7th Cir. 2022)); *Luffman v. Collinsville Cmty. Unit Sch. Dist. #10*, No. 25-CV-00842-SPM, 2025 WL 1568299, at \*4 (S.D. Ill. June 3, 2025) (dismissal with prejudice, in relevant part, for failure to comply with Federal Rule of Civil Procedure 8 following multiple opportunities to amend); *Greyer v. Does*, No. 24-CV-301-JPS, 2024 WL 1051213, at \*2 (E.D. Wis. Mar. 11, 2024) (dismissing frivolous case with prejudice) (citing *Holland*, 503 F. App'x at 478 and *El v. AmeriCredit Fin. Servs.*, 710 F.3d 748, 751 (7th Cir. 2013)).

### 4.2 Sanctions

The Court is faced with a litigant who has not only disregarded the Federal Rules of Civil Procedure and the Court's pleading instructions, but who has also submitted outrageous written statements that are wholly inappropriate for any litigant to make. The Court will briefly summarize some of the most concerning content. When discussing why the Court should appoint counsel, Plaintiff argues that "[p]erhaps professional counsel is more able to bend over spread their ass[es] and let you fuck them and their clients unlawfully than I am, and may have pointers that will help me to tolerate it." ECF No. 11 at 4. He further suggests that the Court's screening order is an "illegal order" that he is "not going to follow," "[l]ike if you told me to suck your dick I wouldn't." *Id*. Plaintiff characterizes the Court's screening orders as emblematic of "mob prosecution." *Id*. at 6. He insinuates that Court staff has "dementia." *Id*. at 11. He attaches what he defines as "an exhibit showing that [he] is terrible to AI," which is five pages worth of a profanity-laced dialogue with AI. ECF No. 11-2. Plaintiff acknowledges how inappropriate his behavior is, writing that "[i]f you want to hold me in contempt, hold me in contempt, and let me appeal the contempt sanction." ECF No. 11 at 5.

In light of these circumstances, the Court finds that sanctions are warranted here. "[T]he right of access to the federal courts is not absolute . . . ." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty*., 73 F.3d 669, 674 (7th Cir. 1995)). It is the Court's responsibility to allocate its limited resources in a way that promotes the interests of justice. *In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources."). To this end, the Court may implement sanctions "narrowly

tailored to the type of abuse" and that do not "bar the courthouse door absolutely." *Chapman v. Exec. Comm. of U.S. Dist. Ct. for N. Dist. of Ill.*, 324 F. App'x 500, 502 (7th Cir. 2009) (collecting cases). "Such sanctions can include dismissal, monetary fines, and the imposition of a filing bar to restrict a plaintiff's ability to file new lawsuits." *Baston v. Carter*, No. 2:20-cv-00182-JPH-MJD, 2020 WL 7138631, at *2 (S.D. Ind. Dec. 7, 2020) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) and FED. R. CIV. P. 11).

Here, the sanction will not be to hold Plaintiff in contempt. Rather, the Court will impose a monetary fine of $500 as a sanction. Considering that a court in the Western District of Wisconsin dismissed a case for a litigant's use of similar inappropriate language, *Luedtke v. Keyes*, No. 22-cv-589-jdp, 2023 WL 2894535, at *1 (W.D. Wis. Apr. 11, 2023), and the fact that dismissal is the "ultimate sanction," *Long v. Steerpo*, 213 F.3d 983, 986 (7th Cir. 2000) (citing *Downs v. Westphal*, 78 F.3d 1252, 1256 (7th Cir. 1996)), the Court finds that a $500 sanction is more than warranted here. *Cf. Neal v. LaRiva*, 765 F.3d 788, 791 (7th Cir. 2014) (upholding prior $500 fine and imposing an additional $500 fine for repeated frivolous filings); *Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997) (imposing $500 fine on serial litigant); *Smith v. U.S. Dep't of Educ.*, No. 1:20-CV-474, 2021 WL 8894926, at *3 (N.D. Ind. Oct. 11, 2021) (imposing a $1,000 sanction on serial litigant); *Kimbrell v. Poipu Holdings, LLC*, No. 1:25-cv-01147-JEH-RLH, 2025 WL 2375399, at *2 (C.D. Ill. Aug. 13, 2025) (denying motion to rescind $500 fine on serial litigant).

Until Plaintiff pays the $500 monetary sanction in full, he will be barred from filing any paper in any case in this District, including new lawsuits related to a different set of facts than those addressed in this Order. This shall include motions for reconsideration, but it will not include notices of appeal or papers in "any criminal case in which [Plaintiff] is a

defendant or any application for habeas corpus that he may wish to file." *Mack*, 45 F.3d at 186 (citing *Sato v. Plunkett*, 154 F.R.D. 189 (N.D. Ill. 1994)); *see also Mucha v. Wisconsin*, No. 12-CV-00202-LA, 2013 WL 1498993, at *1 (E.D. Wis. Apr. 10, 2013) (motions for reconsideration fall within *Mack* bar) (citing *Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, at *1–2 (7th Cir. Nov. 24, 1999) (imposing *Mack* bar)); *cf. Neal*, 765 F.3d at 791 (upholding similar limitations as to serial litigant). It will also not include any papers that Plaintiff may file in his ongoing lawsuit: *Armstrong v. City of Milwaukee*, Case No. 24-CV-1389-JPS (E.D. Wis. 2024) ("City of Milwaukee Case"). The Clerk of the Court will be directed to return unfiled any papers submitted in violation of this Order until Plaintiff has paid the monetary sanction in full.

### 5. CONCLUSION

For the reasons discussed herein, the Court will dismiss this case with prejudice. *See supra* Section 4.1. As a result, Plaintiff's motions to proceed without prepayment of the filing fee, ECF No. 4, and seeking an extension of time to file an amended complaint, to correct his second amended complaint, to appoint counsel, and to reconsider the prior screening orders, ECF No. 11, will be denied as moot. Finally, due to Plaintiff's conduct, the Court will impose sanctions, as described herein. *See supra* Section 4.2.

Accordingly,

**IT IS ORDERED** that Plaintiff William Louis Armstrong's motion to proceed without prepayment of the filing fee, ECF No. 4, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff William Louis Armstrong's motion seeking an extension of time to file an amended complaint, to correct his second amended complaint, to appoint counsel,

and to reconsider the prior screening orders, ECF No. 11, be and the same is hereby **DENIED as moot**;

IT IS FURTHER ORDERED that Plaintiff William Louis Armstrong shall **REMIT** to the Clerk of the Court a monetary sanction in the amount of $500;

IT IS FURTHER ORDERED that until such time as Plaintiff William Louis Armstrong pays the $500 monetary sanction in full, he will be **BARRED** from filing any paper in any case in this District, including any new lawsuits and any motions for reconsideration, but excluding notices of appeal or papers in any criminal case in which he is a defendant, any application for habeas corpus, and any papers in *Armstrong v. City of Milwaukee*, Case No. 24-CV-1389-JPS (E.D. Wis. 2024); the Clerk of the Court shall **RETURN UNFILED** any papers submitted in violation of this Order; and

IT IS FURTHER ORDERED that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of May, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.